IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN PEREA VALDEZ,

    Plaintiff,

vs.                                                                              Civ. No. 24-0190-KG-KBM

RICHARD M. JACQUEZ, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Prisoner Civil Rights Complaint. (Doc. 1) (Complaint). Also before the Court are his motions to proceed *in forma pauperis*, appoint counsel, and vacate his state criminal judgment. (Docs. 2, 4-6, 10). Plaintiff is incarcerated and proceeding *pro se*. He asserts 42 U.S.C. § 1983 claims against the judge and defense attorney involved in his state criminal case. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court concludes Plaintiff cannot successfully sue those individuals under Section 1983. The Court will dismiss the Complaint without prejudice to filing a habeas proceeding.

I.      Background[1]

This case arises from Plaintiff's state convictions for first degree murder; aggravated battery; aggravated assault; and fleeing a law enforcement officer. (Judgment) in D-307-CR-2022-0148; (Doc. 1) at 2 (citing that state case number). By a Judgment entered December 4, 2023, the state trial court (Hon. Richard Jacquez) sentenced Plaintiff to life imprisonment.

---

[1] The background is taken from the facts in the Complaint and Plaintiff's state criminal dockets, which are subject to judicial notice. *See* Case Nos. D-307-CR-2022-0148 and S-1-SC-40228; *see also Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (federal courts may take "judicial notice of the state-court docket sheet").

(Judgment) in D-307-CR-2022-0148. Plaintiff filed a direct, capital appeal with the New Mexico Supreme Court (NMSC). (Notice of Appeal) in S-1-SC-40228. That appeal is still pending. (Docket Sheet) in S-1-SC-40228.

Plaintiff filed the instant civil rights proceeding on February 26, 2024. The Complaint raises 42 U.S.C. § 1983 claims against two parties who participated in Plaintiff's state criminal proceeding, Case No. D-307-CR-2022-0148. The Complaint names: (1) Hon. Richard Jacquez, the state trial judge who entered the criminal Judgment; and (2) Defense Attorney Michael Rosenfield, who represented Plaintiff. (Doc. 1) at 1-2. Plaintiff allegedly asked Judge Jacquez to recuse himself from Plaintiff's criminal case "due to bias [and] partial attitude," but the Judge "failed to consider [those] requests." *Id.* at 3. Plaintiff further alleges Attorney Rosenfield provided ineffective assistance during the jury trial and at sentencing. *Id.* at 2. In the Request for Relief, Plaintiff seeks a time-served sentence; a new state trial; and/or the appointment of new counsel. *Id.* at 5.

After filing the Complaint, Plaintiff filed motions to proceed *in forma pauperis* and to appoint counsel. (Docs. 2, 4-5, 10). He also filed a Motion to Vacate Judgment. (Doc. 6). That motion seeks relief from the state criminal Judgment under Fed. R. Civ. P. 60(b) (relief from federal civil judgments or orders) and Fed. R. Civ. P. 55 (civil default judgments). Plaintiff paid the filing fee, and the matter is ready for initial review under 28 U.S.C. § 1915A.

II.     Standards Governing *Sua Sponte* Review

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all prisoner complaints against a government official. *See* 28 U.S.C. § 1915A. The Court must dismiss any prisoner complaint that is frivolous, malicious, or fails to state a claim on which

2

relief may be granted. *See* 28 U.S.C. § 1915A. The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

   III.   <u>Discussion</u>

   *A. The Procedural Motions*

As an initial matter, the Court will consider Plaintiff's requests for leave to proceed *in forma pauperis*; to appoint counsel; and to vacate the state criminal judgment under Fed. R. Civ. P. 55 and 60. (Docs. 2, 4-6, 10). The Motions to Proceed *In Forma Pauperis* (Docs. 2, 4) are

now moot, since Plaintiff paid the $405.00 filing fee. Hence, the Court will deny those motions.

As to the request for counsel, "[c]ourts are not authorized to appoint counsel in 1983 … cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). This decision is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, the Court will not ask a local attorney to handle this case on a *pro bono* basis. The Section 1983 claims are not cognizable, for the reasons below. To the extent Plaintiff asks this Court to appoint new counsel in his state criminal proceeding, there is no procedural mechanism to grant such relief. The Court will therefore deny the Motions to Appoint Counsel (Docs. 5, 10). Plaintiff should direct any request for new appellate counsel to the NMSC. If Plaintiff files a federal 28 U.S.C. § 2254 habeas petition after the conclusion of the NMSC appeal, he may renew his request for federal habeas counsel.

As to remaining request to vacate Plaintiff's state criminal Judgment under Fed. R. Civ. P. 55 and 60, relief is also unavailable. Those "rules govern the procedure in all civil actions and proceedings in the United States District Courts." Fed. R. Civ. P. 1 (setting out the scope of the Federal Rules of Civil Procedure). Rule 55 governs federal default judgments in civil cases, and Rule 60 allows Federal Courts to vacate civil judgments. The "rule[s] of civil procedure" are "not available to challenge criminal judgments, nor may [they] … be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 Fed. App'x 763, 767 n. 1 (10th Cir. 2008). The Court will deny the Motion to Vacate Judgment (Doc. 6) without prejudice to filing a

28 U.S.C. § 2254 habeas proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (challenges to a state conviction/sentence must be brought as a 28 U.S.C. § 2254 habeas proceeding). The Court also declines to construe the motion as a habeas petition at this time, because any Section 2254 claims have not yet been exhausted. *See* Docket Sheet in S-1-SC-40228 (noting the NMSC appeal is still pending); *Selsor v. Workman,* 644 F.3d 984, 1026 (10th Cir. 2011) ("A state prisoner generally may not raise a claim for federal habeas corpus relief" until he has raised the claims "through one complete round of the State's [direct] … appellate review process").

  *B. Screening the Complaint*

The crux of the allegations in the Complaint is that State Judge Jacquez and Defense Attorney Rosenfield are responsible for Plaintiff's murder convictions, and relief should therefore be granted under 42 U.S.C. § 1983. Relief is only available under Section 1983 when the wrongdoing is attributable to a "'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). Defense attorneys do not act under color of state law. *See Polk Cty. v. Dodson*, 454 U.S. 312, 316-318 (1981); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26 (10th Cir. 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983"). Hence, Plaintiff's Section 1983 claims against Defense Attorney Rosenfield fail as a matter of law.

The claims against State Judge Jacquez are also barred. Judges are immune from suit based on actions taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[I]mmunity applies even when the judge is accused of acting maliciously and corruptly." *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). The only exception is when a judge "acts

5

clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). The Complaint makes one reference to "improper jurisdiction." (Doc. 1) at 2. However, the factual allegations only state Judge Jacquez refused to consider *pro se* motions when Plaintiff had counsel and that Judge Jacquez refused to recuse from the criminal case. *Id.* at 3. These facts do not show a clear absence of jurisdiction. *See, e.g., United States v. Cooley,* 1 F.3d 985, 996 n. 9 (10th Cir. 1993) (statute addressing recusal and potential bias is not jurisdictional). There is also nothing in the criminal docket suggesting that Judge Jacquez, a state district judge, lacked jurisdiction to preside over Plaintiff's jury trial and enter Judgment in New Mexico's Third Judicial District Court. *See* Docket Sheet in Case No. D-307-CR-2022-0148. Hence, the Section 1983 claims against Judge Jacquez fail.

Alternatively, even if Plaintiff could successfully sue the named Defendants, Section 1983 relief is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* requires the dismissal of any Section 1983 claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. Plaintiff's Complaint explicitly seeks relief from his conviction, which he believes should be vacated. *See e.g., Loggins v. Pilshaw,* 838 F. App'x 323, 328 (10th Cir. 2020) (*Heck* bars Section 1983 claims "based on actions by defendants that allegedly caused his convictions or prevented the convictions from being set aside"); *Williams v. Weber County,* 562 Fed. App'x 621, 624 (10th Cir. 2014) (applying *Heck* to bar Section 1983 claim for ineffective assistance of counsel). The Court therefore cannot grant the requested relief under Section 1983.

For these reasons, the Complaint fails to state a claim upon which relief can be granted. The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915A.

*C. The Court Declines to Sua Sponte Invite an Amended Complaint*

Having determined the Complaint must be dismissed, the Court will *sua sponte* consider whether to invite Plaintiff to amend the pleading. *Pro se* plaintiffs should normally be given an opportunity to remedy defects in their pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, courts need not invite an amendment when any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915A. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

Amending the instant Complaint would be futile because, as a matter of law, Plaintiff cannot recover from the parties responsible for his prosecution and incarceration. Moreover, the Court cannot grant the requested relief (*i.e.,* vacating the plea or criminal conviction) in a Section 1983 action. The Court therefore declines to *sua sponte* order an amendment in this civil rights action. The Complaint will be dismissed without prejudice, and final judgment will be entered. *See St. George v. City of Lakewood, Colorado,* 2024 WL 3687780, at *4 (10th Cir. Aug. 7, 2024) ("[w]hen a [Section] 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice.") (quotations omitted). This dismissal will not count as a strike for purposes of the three-strike rule in 28 U.S.C. § 1915(g), as Plaintiff is not proceeding *in forma pauperis*. *See Woodson v. McCollum*, 875 F.3d 1304 (10th Cir. 2017) (reversing district court for applying the three-strikes rule in a *pro se* case where the filing fee was paid in full).

Plaintiff may challenge his state convictions by filing a 28 U.S.C. § 2254 habeas proceeding <u>after</u> the exhaustion process is complete, *i.e.,* after the NMSC issues a ruling on direct appeal. The Clerk's Office will mail Plaintiff a blank Section 2254 habeas petition and a blank motion to proceed *in forma pauperis* to assist with that filing.

7

IT IS ORDERED:

1. Plaintiff's Civil Rights Complaint (Doc. 1) is dismissed without prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915A and Rule 12(b)(6).

2. All pending motions (Docs. 2, 4, 5, 6, 10) are denied, as set forth above.

3. The Court will enter a separate judgment closing the civil case.

4. The Clerk's Office shall mail Plaintiff a blank Section 2254 habeas petition and a blank motion to proceed *in forma pauperis*.

_____
UNITED STATES DISTRICT JUDGE